MARIA T. POLHEMUS, Respondent, *v.* THE FITCHBURG RAILROAD COMPANY, Appellant.

*Court of Appeals, March* 12, 1889.

1. *Calendar. Preference.*—An action to compel a railroad corporation to pay interest coupons on bonds issued by another railroad corporation, by reason of an agreement of consolidation of the two corporations and the covenant between them, is not an action founded upon a note or other evidence of debt for the absolute payment of money, within the meaning of subd. 8 of section 791 of the Code, and is not entitled, under such section, to a preference upon the calendar.
2. *Same.*—The fact that two corporations differ in their construction of a mutual agreement, and, in the meantime, neither fulfills its obligation to the holder of its securities, furnishes no reason why the court, in its discretion, should give it a preference upon the calendar.

Motion to place case on calendar and give it preference over all other cases.

*John H. Peck,* for appellant.

*Masten & Nichols,* for respondent.

DANFORTH, J.—The plaintiff is the holder of ten interest coupons of thirty-five dollars each, issued by the Troy and Boston Railroad Company as part of certain mortgage bonds. Her claim is that the defendant by reason of an agreement with the Troy and Boston Railroad Company has become liable for their payment. The courts below have sustained that claim, and the defendant having appealed from the

judgment to this court, the plaintiff asks to have the case put upon the present calendar and so advanced as to give it a preference over all other cases by putting it at the head of the calendar. The preference is claimed under section 791 (subd. 8) of the Code, which gives a certain priority, among others, to "an action against a corporation founded upon a note or other evidence of debt for the absolute payment of money." The obligation of the defendant cannot be regarded as of that character. The note or promise to pay money is that of the Troy and Boston Railroad Company. The defendant's promise is to be found elsewhere, and if an obligation exists of which the plaintiff can avail himself by action, it is because of the agreement of consolidation of the two corporations and the covenant by one to the other and the action is in fact founded on that agreement.

Nor are the reasons given for putting the case on the present calendar sufficient in any other view. The most that can be said is, that two corporations differ in their construction of a mutual agreement and in the meantime neither fulfills its obligation to the holder of its securities. Such defaults are not so uncommon as to require special attention, and those who suffer have no better position than ordinary litigants.

The motion should be denied, but without costs.

All concur.